

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB -9 PM 3:21

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATE OF AMERICA** | **CRIMINAL** |
| **VERSUS** | **NO. 99-354** |
| **GREGORY J. HERNANDEZ** | **SECTION "F"** |

### TRANSFER ORDER

Defendant, GREGORY J. HERNANDEZ, has filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 in which he is challenging the constitutionality of his 2000 conviction and sentence. To support his challenge, defendant asserts the following grounds for relief:

1) Supervised release is not an authorized sentence under 18 U.S.C. § 3551 or § 3553;

2) The total combined length of imprisonment exceeds by 10 months the maximum for the offense of conviction.

A review of this Court's record reflects that defendant has filed a prior § 2255 motion related to this same conviction and sentence. In that motion, filed August 22, 2001, defendant raised the following grounds for relief:

1) His guilty plea was unlawfully induced or not made voluntarily with an understanding of the nature of the charges and the consequences of the plea;

Fee____
Process____
X /Dktd____
✓ CtRmDep____
Doc. No____

    2)     His conviction was obtained by use of a coerced confession;

    3)     His conviction was obtained by use of evidence obtained pursuant to an unconstitutional search and seizure because the search warrants in the case were unconstitutionally overbroad;

    4)     Improper venue;

    5)     Ineffective assistance of counsel.

That motion was dismissed with prejudice on the merits by Judgment entered November 7, 2001. Defendant's appeal was dismissed in January 2002 for want of prosecution. See Rec. Doc. 144.

The motion presently before the Court is considered to be a second or successive motion as described in 28 U.S.C. §§ 2244 and 2255. In order to overcome the prohibition against the filing of second or successive claims, the defendant must establish that the motion contains one of the following requirements:

    1)     claims based on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or

    2)     claims based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Before the motion can be considered on the merits by this District Court, the defendant must obtain certification from the United States Fifth Circuit Court of Appeals to file this second or successive motion by making a prima facie showing of the above listed requirements to that appellate court as required by § 2255. Until such time as defendant obtains said certification, this Court is without jurisdiction to proceed. Accordingly,

2

**IT IS ORDERED** that defendant's motion be construed in part as a motion for certification for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that this motion be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244 and § 2255 to file the instant motion to vacate in this District Court.

New Orleans, Louisiana, this 9th day of February, 2006.

_____
UNITED STATES DISTRICT JUDGE

| NAME-NUMBER-LOCATION | PREVIOUS CASE NUMBER | CLAIMS | DATE & LAW CLERK |
|---|---|---|---|
| Gregory J. Hernandez #22018-034 FCI Yazoo City MS Date of Conviction: Aug. 10, 2005 revocation judgement on supervised release Nature of Crime: supervised release and/or probation violation | 06-0526 2255 Cr99-354 F(5) | Motion to vacate RFE | February 2, 2006 |
| Gregory J, Hernandez #22018-034 FCI Yazoo City MS date of conviction: 3-8-00 nature of offense: "the nature appears to be one of statutory mala in prohibitum that is merely applicable to the state of district of columbia and other member states of the unincorporated association comprising the political corporation styled USA | 01-2660 F 2255 cr 99-354 F(5) | motion to vacate | August 29, 2001 |
| Gregory Hernandez #861808 Orleans Parish Prison [22018-034 FCI Yazoo City} | 00-2975 S(6) 2241 filing fee pd. 1/11/01 | Writ of Habeas Corpus | October 4, 2000 |

PCS Database: |x|
ICMS: |x|
Archive: |x|

MICRO FICHE
White Headers: |x|
Black Hdrs CV: |x|
Black Hdrs CR: |--|
Card File: |--|